**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS,**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CONTINENTAL IMPORTS, INC. D/B/A MERCEDES BENZ OF AUSTIN,** | § | |
| *Plaintiff,* | § | |
| **v.** | § | **CASE NO. 1:26-CV-2105 -ABD** |
| **LMBB, LLC D/B/A MERCEDES BENZ OF BEAVERTON AND LITHIA MOTORS, INC.,** | § | |
| *Defendants.* | § | |

**DEFENDANTS LMBB, LLC D/B/A MERCEDES BENZ OF BEAVERTON AND LITHIA MOTORS, INC.'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES SUBJECT TO ARBITRATION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, LMBB, LLC d/b/a Mercedes Benz of Beaverton ("Mercedes Benz of Beaverton") and Lithia Motors, Inc. ("Lithia," and together with Mercedes Benz of Beaverton, "Defendants" collectively), and file this Original Answer and Affirmative Defenses Subject to Arbitration (this "Answer") in response to the Original Complaint (the "Complaint") filed by Plaintiff, Continental Imports, Inc. d/b/a Mercedes Benz of Austin ("Continental" or "Plaintiff") and in support thereof would show the following:

**FOR A FIRST DEFENSE – PARTIES SIGNED BINDING ARBITRATION AGREEMENT**

Upon information and belief, an arbitration agreement exists between Defendants and Plaintiff. The claims asserted by Plaintiff fall within the scope of the arbitration agreement. By filing this Answer, Defendants do not intend to substantially invoke the judicial process or the jurisdiction of the Court and specifically reserve the right to compel arbitration.

## FOR A SECOND DEFENSE

Defendants answer the individually numbered paragraphs of the Complaint as follows, and deny each factual allegation of the Complaint that Defendants do not expressly admit:

1. Paragraph 1 in the Complaint is denied.

2. Paragraph 2 in the Complaint is denied.

3. Defendants admit the allegations in paragraph 3 in the Complaint.

4. Defendants admit the allegations in paragraph 4 in the Complaint.

5. Defendants admit the allegations in paragraph 5 in the Complaint.

6. Paragraph 6 in the Complaint contains allegations regarding state court jurisdiction prior to Defendants' removal of this matter to this Court. To the extent a response is required, denied.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

11. Paragraph 11 in the Complaint contains allegations regarding proper venue made prior to Defendants' removal of this matter to this Court. To the extent a response is required, denied.

12. Defendants admit the allegations in paragraph 12 in the Complaint as to Mercedes Benz of Beaverton. All other allegations are denied.

13. Defendants deny the allegations in paragraph 13 in the Complaint.

14. Defendants deny the allegations in paragraph 14 in the Complaint.

15. Defendants are without knowledge or information sufficient to a form a belief as to

the truth of the allegations contained in paragraph 15 in the Complaint.

16. Defendants deny the allegations in paragraph 16 in the Complaint.

## PLAINTIFF'S FIRST CAUSE OF ACTION – BREACH OF CONTRACT

17. As to paragraphs 17 through 19 in the Complaint, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 16 in the Complaint, as set forth fully herein.

18. Defendants deny the allegations in paragraph 17 in the Complaint.

19. Defendants deny the allegations in paragraph 18 in the Complaint.

20. Defendants deny the allegations in paragraph 19 in the Complaint.

## PLAINTIFF'S CONDITIONS PRECEDENT

21. As to paragraph 20 in the Complaint, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 19 in the Complaint, as set forth fully herein.

22. Defendants deny the allegations in paragraph 20 in the Complaint.

## PLAINTIFF'S PRAYER

23. As to paragraph 21 in the Complaint, Defendants incorporate by reference Defendants' responses to paragraphs 1 through 20 in the Complaint, as set forth fully herein.

24. Defendants deny that Plaintiff is entitled to the relief requested in paragraph 21 in the Complaint.

## FOR A THIRD DEFENSE – AFFIRMATIVE DEFENSES

25. For further answer herein, Defendants assert, each individually and in the alternative, the following affirmative defenses:

a. Defendants deny they breached the contract.

b. Plaintiff does not have standing to assert its claims.

c. Plaintiff suffered no injury or actual damages because of any actionable misconduct on the part of Defendants.

d. Plaintiff's Complaint should be dismissed against Defendants on the grounds that the damages alleged by Plaintiff were caused by an intervening and superseding cause over which Defendants had no control and, therefore, Plaintiff cannot recover from Defendants.

e. Defendants contend that any alleged damages suffered by Plaintiff were wholly or partially attributable to other persons or entities for which Defendants cannot be held liable.

f. Defendants contend that any alleged damages suffered by Plaintiff were wholly or partially attributable to third-party criminal acts for which Defendants are not responsible.

g. Defendants assert there were independent or intervening causes of Plaintiff's damages.

h. Defendants assert that Defendants' acts were not the proximate or producing cause of Plaintiff's damages.

i. Plaintiff failed to mitigate damages.

j. Plaintiff's alleged damages were due to Plaintiff's own acts or omissions.

k. If Plaintiff sustained any injuries or damages alleged in her Complaint, such injuries and damages were solely and proximately caused, or were contributed to, by Plaintiff's own comparative negligence, intentional acts, culpable conduct, and express or implied assumption of the risk. Such conduct serves as a bar to one or more of Plaintiff's claims or entitles

Defendants to a reduction in damages.

l. Defendants assert Plaintiff assumed the risk that caused the alleged injuries and/or damages, for which Defendants are not legally responsible.

m. Plaintiff's claims are barred by the doctrine of estoppel.

n. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

o. Plaintiff's claims are barred by the doctrine of waiver.

p. Plaintiff's claims are barred by the doctrine of reliance.

q. Plaintiff's claims are barred by the doctrine of ratification.

r. Plaintiff's claims are barred by the doctrine of release.

s. Plaintiff's claims are barred by the doctrine of election of remedies.

t. Plaintiff's claims are barred by the doctrine of impossibility.

u. Plaintiff's claims are barred by the doctrine of justification.

v. Plaintiff's claims are barred by the doctrine of unilateral or mutual mistake.

w. Plaintiff's claims are barred by limitations.

x. Plaintiff's claims are barred by payment, offset, and credit.

y. Plaintiff's claims are barred by the economic loss rule.

z. To the extent Plaintiff asserts claims for exemplary damages, any such recovery is subject to the limitations under Texas law and the Due Process Clause of the United States Constitution.

aa. Defendants assert that upon information and belief, Plaintiff's claim is subject to an arbitration agreement and should be compelled to arbitration.

bb. Defendants deny all allegations not responded to herein.

26. Defendants reserve the right to amend or supplement this Answer, subject to

arbitration, as the case progresses.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants, LMBB, LLC d/b/a Mercedes Benz of Beaverton and Lithia Motors, Inc., respectfully pray that:

a. Plaintiff, Continental Imports, Inc. d/b/a Mercedes of South Austin, take nothing against Defendants by way of the Complaint;

b. All claims against Defendants be dismissed with prejudice;

c. Defendants have judgment against Plaintiff for Defendants' actual damages, consequential damages, reasonable and necessary attorney fees and costs, pre-judgment interest, post-judgment interest, at the legal rate; and

d. Defendants have such other and further relief to which Defendants may be justly entitled whether at law or in equity.

Respectfully submitted,

**JOHNSON DELUCA KURISKY & GOULD**
A PROFESSIONAL CORPORATION

By: /s/George A. Kurisky, Jr.
GEORGE A. KURISKY, JR.
SBT No: 11767700
gkurisky@jdkglaw.com

Of Counsel:
PHILIP C. BRASHIER
SBT No. 00796243
pbrashier@jdkglaw.com
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 - Telephone
(713) 652-5130 - Facsimile
**ATTORNEYS FOR DEFENDANTS,**
**LMBB, LLC D/B/A MERCEDES BENZ**
**OF BEAVERTON AND LITHIA MOTORS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of August 2026, a true and correct copy of the foregoing instrument was served upon Plaintiff in accordance with the Federal Rules of Civil Procedure, as shown below:

***Via Email: jotto@thompsoncoe.com; klee@thompsoncoe.com***
Mr. Jeff D. Otto
Mr. Kevin F. Lee
Thompson Coe Cousins & Irons, L.L.P.
2801 Via Fortuna, Suite 300
Austin, Texas 78746

/s/Philip Brashier________________
Philip C. Brashier